UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

SAMANTHA SPADER,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Samantha Spader, sues Defendant, Carnival Corporation, and alleges:

### A. Summary of Case

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line. The Plaintiff injured herself when she slipped and fell in one of the cruise ship's restaurants.

### B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a) The Plaintiff is a citizen of Rhode Island.
    (b) The Defendant is a corporation incorporated under the laws of the Republic of Panama. The Defendant's principal place of business is in Florida.
    (c) The amount in controversy, without interests and costs, exceeds $75,000.

3. This case has been filed in this district because the Plaintiff's cruise ticket contains a forum-selection clause that says that actions such as this may be filed only in the United States District Court in Miami, Florida.

### C. Maritime Law

4. This case is governed by the general maritime law.

### D. Three Counts of Negligence

#### Count 1
#### Negligence: Wet-Floor Slipping Hazard

5. On or about November 18, 2019, the Plaintiff was a fare-paying passenger aboard *Carnival Breeze,* a cruise ship owned and operated by the Defendant.

6. At that time and place the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

7. At that time and place, in or around the Fahrenheit 555 Steakhouse restaurant on Deck 5, the Defendant breached its duty of care toward the Plaintiff when it allowed a floor to be wet and slippery.

8. The Defendant caused this hazard, or the Defendant knew about this hazard or should have known about it because it was present for a sufficient length of time that the Defendant should have known about it or this type of hazard occurred with regularity and was therefore foreseeable.

9. As a result of the Defendant's failure to mop or cordon off that wet section, the Plaintiff slipped and fell.

10. When the Plaintiff fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

11. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

#### Count 2
#### Negligence: Substandard Flooring

12. On or about November 18, 2019, the Plaintiff was a fare-paying passenger aboard

*Carnival Breeze*, a cruise ship owned and operated by the Defendant.

13. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

14. At that time and place, in or around the Fahrenheit 555 Steakhouse restaurant on Deck 5, the Defendant breached its duty of care toward the Plaintiff when it failed to make its tile floor sufficiently slip-resistant.

15. The Defendant knew that its flooring in this area was not sufficiently slip-resistant or this condition had existed for a sufficient length of time that the Defendant should have known about it or this type of condition occurred with regularity and was therefore foreseeable.

16. As a result of the Defendant's failure to make its flooring sufficiently slip-resistant, the Plaintiff slipped and fell.

17. When the Plaintiff fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

18. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

## Count 3
## Negligence: Failure to Warn

19. On or about November 18, 2019, the Plaintiff was a fare-paying passenger aboard *Carnival Breeze,* a cruise ship owned and operated by the Defendant.

20. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

21. At that time and place, in or around the Fahrenheit 555 Steakhouse restaurant on Deck 5, the Defendant breached its duty of care toward the Plaintiff when it failed to warn the Plaintiff that a section of the flooring was wet and slippery.

22. As a result of the Defendant's failure to warn the Plaintiff of that hazard, the Plaintiff slipped and fell.

23. When she fell, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

24. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

Dated: November 6, 2020             Respectfully submitted,

David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
T: (954) 920-1571
Attorneys for the Plaintiff, Samantha Spader